IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

EUGUENE SCALIA,　)
SECRETARY OF LABOR,　)
UNITED STATES DEPARTMENT　)
OF LABOR,　)
　)
　　Plaintiff,　)
　)　CIVIL ACTION FILE
　v.　)　NO. 6:20-cv-3359
　)
MARU SUSHI & GRILL, LLC, and　)
CHONGBAE "MICHAEL" MOON,　)
Individually, and YOUNGNAM MOON,　)
Individually,　)
　)
　　Defendants.　)

## **COMPLAINT**

Plaintiff brings this action to enjoin Defendants from violating the provisions of sections 15(a)(2), 15(a)(4), and 15(a)(5), of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.), hereinafter called the Act, pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing for Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the Court by section 16(c) and 17 of the Act, and by 28 U.S.C. § 1345.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred within this district and because the Defendants reside in the Western District of Missouri and by virtue of transacting business in Western District of Missouri.

II

Defendant Maru Sushi & Grill, LLC is a limited liability company organized in the State of Missouri, with its principal place of business located at 1745 West James River Road, Ozark, Missouri, within the jurisdiction of this Court. At all relevant times, Defendant Maru Sushi & Grill, LLC has operated one or more restaurants doing business as Maru Sushi & Grill.

Upon information and belief, Defendant Chongbae "Michael" Moon is a 50% owner of Defendant Maru Sushi & Grill, LLC and acts directly or indirectly in the interest of Defendant Maru Sushi & Grill, LLC in relation to its employees, and therefore, is an employer within the meaning of section 3(d) of the Act. Upon information and belief, at the time of the actions giving rise to this claim, Defendant Chongbae "Michael" Moon resides at 6081 South Prospect Avenue, Springfield, Missouri, within the jurisdiction of this Court.

Upon information and belief, Defendant Youngnam Moon is a 50% owner of Defendant Maru Sushi & Grill, LLC and acts directly or indirectly in the interest of Defendant Maru Sushi & Grill, LLC in relation to its employees, and therefore, is an employer within the meaning of section 3(d) of the Act. Upon information and belief, at the time of the actions giving rise to this claim, Defendant Youngnam Moon resides at 6081 South Prospect Avenue, Springfield, Missouri, within the jurisdiction of this Court.

III

The activities of Defendants referred to in paragraph II were, and are, related and performed through unified operation or common control for a common business purpose, and have, since at least October 13, 2017, constituted an enterprise within the meaning of section 3(r) of the Act.

IV

Since October 13, 2017, said enterprise has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce or in the production of goods for commerce as defined in section 3(s)(1)(A) of the Act.

V

Defendants, employers subject to the provisions of the Act, have violated and are violating the provisions of sections 6 and 15(a)(2) of the Act by failing to pay certain employees, for their employment in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25.

VI

Defendants, employers subject to the provisions of the Act, have violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing certain employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours since October 13, 2017, without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

VII

Defendants, employers subject to the provisions of the Act, have violated and are violating the provisions of sections 11(c) and 15(a)(5) of the Act, in that October 13, 2017,

Defendants have failed to make, keep, and preserve adequate and accurate records of Defendants' employees and of the wages, hours, and other working conditions and practices of employment maintained by Defendants, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act in that the records kept by Defendants failed to accurately record, among other things, the total straight time and overtime earnings for each work day and each workweek and total premium pay for overtime hours, with respect to certain of Defendants' employees.

VIII

Since October 13, 2017, Defendants, have violated and are violating provisions of sections 12(c) and 15(a)(4) of the Act by employing since October 13, 2017, at least 1 minor under 18 years of age in the operation of a power-driven meat slicing machine, in violation of 29 C.F.R. § 570.61(a)(4) in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, such employment constituting oppressive child labor within the meaning of the Act.

IX

Defendants have repeatedly and willfully violated and continue to violate the aforesaid provisions of the Act as alleged in paragraphs V-VIII. A judgment permanently enjoining and restraining the violations herein alleged, including the restraint of the continued withholding of unpaid overtime compensation due Defendants' employees, is specifically authorized by Section 17 of the Act.

X

As a result of the violations alleged in paragraphs V-IX above, Defendants have unlawfully withheld and continue to withhold unpaid minimum wage and overtime

5

compensation from certain employees. These back wages are owed to present and former employees, including those persons specifically named in Appendix A, attached hereto, for at least the period from October 13, 2017 through October 12, 2019. A judgment granting recovery of back wages, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown:

Plaintiff prays judgment pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice thereof, from violating the provisions of Sections 15(a)(2), 15(a)(4), and 15(a)(5), of the Act including the restraint of any withholding of payment of unpaid compensation found by the Court to be due to Defendants' employee,

Plaintiff further demands judgment, pursuant to section 16(c) of the Act, against Defendants for back wages owed to former and current employees for the period of at least October 13, 2017 through October 12, 2019, together with an equal additional amount as liquidated damages.

Should the Court decline to award said liquidated damages, Plaintiff further demands the award of interest on said unpaid amounts from the date said unpaid amounts became due, until date of judgment.

Plaintiff further prays for such other relief as the Court may find due, including an order that Defendants be required to locate affected employees and distribute any amounts found to be due to affected employees as the result of the violations alleged in paragraphs V-IX hereof.

Plaintiff further demands the award of post-judgment interest as authorized by 28 U.S.C. § 1961, and prays that he recover the costs of this action.

Kate S. O'Scannlain
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor

s/Elaine M. Smith
Elaine M. Smith
Trial Attorney
MO Bar #69352

2300 Main Street, Suite 1020
Kansas City, MO 64108
(816) 285-7262
(816) 285-7287 (fax)
smith.elaine.m@dol.gov

U.S. Department of Labor
Attorneys for Plaintiff

5